IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN WESLEY FRAZIER,**             Case Number 5:13 CV 408

    Petitioner,             Judge Sara Lioi

    v.             REPORT AND RECOMMENDATION

**CHRISTOPHER LAROSE,** Warden

    Respondent.             Magistrate Judge James R. Knepp II

### INTRODUCTION

*Pro se* Petitioner John Wesley Frazier, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Christopher LaRose filed a Motion to Dismiss (Doc. 5) with attached exhibits, and Petitioner filed a Reply.[1] (Doc. 6).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated March 6, 2013). For the reasons discussed below, the undersigned recommends Respondent's Motion to Dismiss be granted and the Petition dismissed as time-barred.

### FACTUAL BACKGROUND

**State Trial Court**

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C §

---

1. Petitioner used "traverse" to identify what is currently referred to as a "reply". *See* Advisory Committee Notes (1976) to Rule 5 of Rules Governing Section 2254.

2254(e)(1); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial record. *Mitzel*, 267 F.3d at 530.

As Respondent points out, this case arises out of a drug deal gone bad. (Doc. 5, at 2). The Stark County Court of Appeals, Fifth District of Ohio, set forth the following findings of fact:

> **[*P2]** On June 22, 2009, appellant's friend Mike Strychalski inquired of Canton resident Raymond Pyles about purchasing some marijuana. Strychalski and Pyles set up a date and time for the transaction. Strychalski also met with appellant, at which time the two young men discussed robbing Pyles during the drug deal.
>
> **[*P3]** On the next day, Pyles and his friend, Jesse Burns, drove a Toyota SUV to a small playground in the Vienna Woods neighborhood in southwest Canton to complete the drug deal. Appellant, standing with Strychalski at the passenger side window of the truck, produced a handgun and demanded any money and valuables from Pyles and Burns. After Pyles and Burns had turned over their cash, marijuana, and cell phones, a physical struggle ensued between Burns and appellant, following which Burns was fatally shot in the head.

(Doc. 5-11, at 2; *State v. Frazier*, 2011 Ohio App. LEXIS 371 (Ohio Ct. App)).

Petitioner was initially charged in juvenile court because he was seventeen when the crimes occurred. (Doc. 5-2). However, Petitioner turned eighteen shortly after being charged in juvenile court and before indictment. (Doc. 5-2). Thus, the trial court granted the prosecutor's motion to have Petitioner tried as an adult. (Doc. 5-2).

On January 27, 2010, after a jury trial, Petitioner was found not guilty of aggravated murder but guilty of the lesser included offense of murder. (Doc. 5-6). Petitioner was also found guilty of two counts of aggravated robbery and firearm specifications. (Doc. 5-6). Petitioner was sentenced to an aggregate term of 31 years to life. (Doc. 5-7).

**Direct Appeal**

On February 23, 2010, Petitioner, represented by counsel, filed a notice of appeal with the Fifth District Court of Appeals, Stark County. (Doc. 5-8). He raised the following assignments of error in his July 12, 2010 brief:

1. The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.

2. The trial court's [sic] erred in failing to declare a mistrial on the basis of inconsistent verdict by the jury.

3. The appellant was deprived of due process [] by the misconduct of the prosecutor.

(Doc. 5-9).

The State filed a brief in response. (Doc. 5-10). On January 31, 2011, the state court of appeals issued an opinion and judgment entry overruling Petitioner's assignments of error and affirming the trial court's judgment. (Docs. 5-11, 5-23). Petitioner had 45 days to perfect an appeal to the Ohio Supreme Court, but did not do so timely. Ohio Sup. Ct. R. Prac. 2.2(A)(1)(a).

Rather, Petitioner, *pro se*, filed a notice of appeal and a motion to file a delayed appeal with the Ohio Supreme Court on April 22, 2011. (Doc. 5-12, 5-13). Petitioner explained he had been trying to obtain new counsel to file an appeal, but was not able to do so in a timely fashion. (Doc. 5-13). On June 8, 2011, the Ohio Supreme Court denied Petitioner's motion to file a delayed appeal and dismissed the case. (Docs. 5-14, 5-24).

**Ohio App. R. 26(B) – Application to Reopen Direct Appeal**

On May 11, 2011, Petitioner, through counsel, filed a motion to reopen his direct appeal with the Fifth District Court of Appeals, Stark County. (Doc. 5-15). He alleged ineffective assistance of counsel and claimed appellate counsel should have raised the following issues on direct appeal:

3

1. The trial court erred by imposing sanctions in the judgment that it did not impose in open court.

2. The [t]rial [c]ourt committed plain error when it failed to instruct the jury on felony murder, and trial counsel was ineffective for failing to request the instruction. As a result, John was convicted and sentenced for offenses that should have merged.

3. The trial court erred by failing to merge the two counts of aggravated robbery over the objection of trial counsel. []

4. The trial court erred by failing to consider John's youth when sentencing him to consecutive time and the maximum sentence for aggravated robbery, and trial counsel was ineffective for failing to raise the issue.

(Doc. 5-15). The state filed an opposition. (Doc. 5-16). On October 11, 2011, the state court of appeals issued a judgment denying Petitioner's application to reopen his appeal. (Doc. 5-17).

On November 28, 2011, Petitioner, through counsel, filed a notice of appeal with the Ohio Supreme Court. (Doc. 5-18). In the memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

I. A trial court's determination that offenses should not merge under R.C. 2941.25 presents a question of law, requiring de novo review on appeal. Appellate counsel was ineffective for failing to challenge the trial court's decision to run the sentences consecutively despite the fact that trial counsel objected.

II. When sentencing a defendant for crimes committed as a child, a trial court must consider the child's youth when sentencing the defendant, and trial counsel is ineffective when counsel fails to raise the issue. Appellate counsel was ineffective for failing to raise this issue.

III. Counsel's performance is deficient if counsel fails to raise an issue that will result in reversal under clear case law from this Court and when raising that issue could reasonably make a large impact on the defendant's life in prison.

IV. Appellate counsel may winnow out "weaker" arguments and remain effective, but counsel is ineffective when counsel fails to raise an issue that would require automatic reversal on a question that could make a large impact on the client's life in prison.

> V. The trial court committed plain error when it failed to instruct the jury on felony murder, and trial counsel was ineffective for failing to request the instruction. As a result, John was convicted and sentenced for offenses that should have merged. Appellate counsel was ineffective for failing to make the argument.

(Doc. 5-19). The state filed a response opposing jurisdiction. (Doc. 5-20). On February 22, 2012, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Docs. 5-20, 5-25).

## FEDERAL HABEAS CORPUS

Petitioner represented that he provided his Petition to the prison for mailing on February 14, 2013. (Doc. 1). Petitioner alleged the following grounds for relief:

> **GROUND ONE**: The trial court's finding of guilty is against the manifest weight and sufficiency of the evidence.
> **Supporting Facts**: I was charged with an agg. murder 1 ct. 2903.01(B) while committing a agg. robbery 2 ct. 2911.01(A) all with firearm spec. while at trial I got found not guilty of agg murder but found guilty of lesser included offense of a murder 2903.02(A), also the agg. robbery & the gun spec. The murder 2903.02(A) is not on purpose, but how wouldn't it be on purpose if they found guilt of agg. robbery? The jury clearly believed the murder took place during the commission the murder which mean knowing, which makes the verdict insufficiency. Also in reviewing a claim of insufficient evidence, the relevant inquiry is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
>
> **GROUND TWO**: The trial courts erred in failing to declare a mistrial on the basis of inconsistent verdict by the jury.
> **Supporting Facts**: The inconsistency comes in while the jury found me not guilty of an agg. murder 2903.01(B) but later found me guilty of murder 2903.01(A) while committing an of agg. robbery with 2 cts. of gun specs. Clearly they should have found me guilty on one or the other not both. Also in essence, appellant, noting that the jury did not convict on agg. murder contends that because the lesser offense of murder as instructed in this case lacks the element of " while committing or attempting to commit or while fleeing immediately after committing or attempting to commit agg. robbery." The jury's overall result is inconsistent and a mistrial was warranted due to the facts we hold the trial court's denial of the motion for mistrial on the allegation of the inconsistent verdicts was not arbitrary, unreasonable or unconscionable.

**GROUND THREE**: The appellant was deprived of due process by the misconduct of the prosecutor.
**Supporting Facts**: I was deprived of due process of law based on the prosecutorial misconduct. The jury found me guilty from comments the prosecutor made. Calling my juvenile probation officer to the stand casting a bad light by suggesting my juvenile record. I was charged as an adult my juvenile record shouldn't have been brought up at all.

### MOTION TO DISMISS

Respondent moves to dismiss the Petition as untimely. (Doc. 5). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), there is generally a one-year period in which a prisoner in state custody may file a petition for habeas relief in federal court:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA statute of limitations is not absolute; it can be statutorily or equitably tolled. The statute provides that the time during which post-conviction or other collateral review proceedings are pending in state court "shall not be counted toward any period of limitation". 28 U.S.C. § 2244(d)(2). When a petitioner is aware of the factual predicate of his claims, and the claims do not implicate §§ 2244(d)(1)(B) or 2244(d)(1)(C), the one-year statute of limitations

6

begins to run on the date his judgment became final – at the expiration of the time for seeking direct review. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

First, it is clear from the record that neither § 2254(d)(1)(C) or § 2254(d)(1)(D) apply to the case at bar. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court, made retroactively applicable to cases on collateral review. Moreover, Petitioner knew the factual predicate of his federal habeas claims before his conviction became final at the conclusion of direct review or expiration of time for seeking such review. *See Sayles v. Warden*, 2012 WL 5327226, at *4 (S.D. Ohio). This is borne out by the fact that Petitioner's three federal habeas grounds for relief are identical to those raised in his direct appeal. (*See* Docs. 1, 5-9). Therefore, the Court must analyze the date in which Petitioner's judgment became final, apply any legitimate tolling time, and conclude whether his habeas claim was filed timely within the one-year AEDPA limitations period.

In Ohio, a petitioner has 45 days from the date an Ohio court of appeals affirms the judgment entry of his conviction to perfect an appeal to the Ohio Supreme Court. *See* Ohio Supreme Court Rules of Practice Rule 2.2(A)(1)(a). When a petitioner does not seek review within the 45 day period, the trial court judgment becomes final at the end of that period and the statute of limitations begins to run the next day. Fed. R. Civ. P. 6(a)(1) ("[I]n computing any time period . . . exclude the day that triggers the period.").

While Petitioner filed a motion for leave to file a delayed appeal with the Ohio Supreme Court, which was ultimately denied, this can only serve to toll the unexpired limitations period under § 2254(d)(2), not restart the clock. *Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010). Likewise, while Petitioner's application to reopen his direct appeal can toll the running of the habeas limitations period, it also cannot restart the clock. *See* § 2254(d)(2); *Vroman v.*

*Brigano*, 346 F.3d 598, 601-02 (6th Cir. 2003); *Sayles*, 2012 WL 3527226, at *5-6 (AEDPA one-year limitations period can be tolled during the pendency of a properly filed application for state post-conviction relief or other collateral relief.).

The undersigned assumes without deciding, and Respondent does not dispute, that Petitioner was entitled to statutory tolling when Petitioner filed his motion for delayed appeal and post-conviction relief. However, even given favorable statutory tolling time, Petitioner still fails to meet the AEDPA one-year limitation.

The state court of appeals filed its entry dismissing Petitioner's direct appeal on January 31, 2011. (Doc. 5-12). Petitioner had 45 days to perfect his appeal to the Ohio Supreme Court, but did not do so. Therefore, Petitioner's judgment became final on March 17, 2011 and the statute of limitations began to run. *See Gonzelez*, 132 S. Ct. at 653-54 (For petitioners who do not pursue direct appeals in the state's highest court, judgment becomes final for purposes of § 2244(d)(1)(A) when the time for seeking discretionary review in the state's highest court expires.).

The statute was tolled 36 days later on April 22, 2011, when Petitioner filed a motion to file a delayed appeal with the Ohio Supreme Court. On June 8, 2011, the Ohio Supreme Court denied Petitioner's motion to file a delayed appeal and dismissed the case. (Doc. 5-11). However, the limitation period continued to toll because Petitioner had filed an Ohio App. R. 26(B) motion to reopen on May, 11, 2011. (Doc. 5-15). The clock began to run again when the Ohio Supreme Court dismissed Petitioner's Ohio App. R. 26(B) motion to reopen appeal on February 22, 2012. (Doc. 5-21). Therefore, the federal habeas statute of limitations expired on

8

January 17, 2013 – 330 days[2] from February 22, 2012. Yet, Petitioner did not file his federal habeas Petition until February 14, 2013.[3] Accordingly, his Petition is time-barred from federal habeas review and should be dismissed unless he can show his limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549 (2010).

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Both ineffective assistance of counsel and "a substantial involuntary, delay in learning about the status of their appeals" may constitute extraordinary circumstances sufficient to warrant relief. *Robinson*, 424 F. App'x at 442. However, both circumstances only warrant tolling if they were both beyond the control of the litigant and unavoidable with reasonable diligence. *Id*.

Thus, to demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562; *see also Robison*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001) to determine equitable tolling under AEDPA). Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to

---

2. There were 366 days in 2012 because it was a leap year. Petitioner's limitation period ran for 36 days before statutory tolling began. Thus, once his delayed appeal and post-conviction motions were dismissed, he had 330 days remaining to file a petition.

3. The Court received the Petition on February 26, 2012. (Doc. 1). However, according to the mailbox rule, a habeas petition is deemed filed when the petitioner gives the petition to prison officials for filing in the federal courts. *Keeling v. Warden*, 673 F.3d 452, 456 (6th Cir. 2012). Petitioner represents, and Respondent does not dispute, that Petitioner gave his Petition to prison officials on February 14, 2012. (Doc. 1, at 15). Therefore, February 14, 2012 is the filing date of the Petition.

equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Petitioner claims that "any procedural bar caused by the ineffective assistance of counsel should be excused because of the cause and prejudice resulting from counsel's performance." (Doc. 6). However, Petitioner does not allege who was ineffective, let alone how or why. Furthermore, Petitioner does not allege ineffective assistance in any of his federal habeas grounds for relief. Instead, he argues sufficiency of the evidence, prosecutorial misconduct, and inconsistent verdict. (Doc. 1).

Equitable tolling for ineffective assistance claims is a high standard, used sparingly. Generally, the Sixth Circuit has declined to allow equitable tolling for ineffective assistance even in circumstances when a petitioner's attorney failed to inform him of his appellate decision for more than a year after it was issued. *Robinson*, 424 F. App'x at 440-43; *see also Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012); *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (No equitable tolling when petitioner's attorney misled him into believing his appeal was still pending before state court.); *Elliot v. Dewitt*, 10 F. App'x 311, 312-13 (6th Cir. 2001) (No equitable tolling when petitioner's attorney and the state court allegedly failed to inform him that a decision had been rendered affirming his conviction.).

Simply stated, Petitioner has failed to show any circumstance kept him from timely filing, let alone an extraordinary one. Thus, his Petition should be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's Motion to Dismiss and dismiss the Petition as time-barred.

                                           s/James R. Knepp II
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).